STATE ex inf. John ASHCROFT ex rel. ST. LOUIS COUNTY, Missouri, a body corporate and politic, and Gene McNary, County Supervisor, St. Louis County, Missouri, Relators,

v.

Richard M. O'BRIEN et al., Respondents,

and

Hary E. Von Romer et al., Intervenors.

No. 42163.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 15, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied March 14, 1980.

Thomas W. Wehrle, County Counselor, Clayton, John Ashcroft, Atty. Gen., Jefferson City, for relators.

William E. Buckley, St. Louis, Sarijane M. Freiman, University City, for respondents.

STEWART, Presiding Judge.

This is an information in the nature of quo warranto seeking to oust the respondents who claim to be the duly appointed members of the Board of Directors of the Sheltered Workshop and Residence Facility of St. Louis County by reason of appointment by the County Council of St. Louis County in accordance with the statute authorizing the establishment of sheltered workshops. The action is brought by the Attorney General at the relation of the County Supervisor of St. Louis County[1] who asserts that the power and duty to appoint the members of the Board of Directors of the Sheltered Workshop rests in the Supervisor as provided by the St. Louis County Charter.

█ Preliminarily we consider the motion of the County Council of St. Louis County to intervene under Rule 52.12(b). All parties have joined in the request. This action is primarily concerned with the power of the County Council to make the appointments of the members of the Board of Directors. From a practical point of view it is the action of the County Council that is put in issue. The Council has a vital interest in the outcome of this litigation. In line with the purpose of the rule, which is remedial, we have decided to sustain the motion of the members of the County Council to intervene and give them the status of parties. See *Bolin v. Anders*, 559 S.W.2d 235, 247 (Mo.App.1977).

St. Louis County is a special charter county organized in accordance with the provision of Mo.Const. Art. VI, § 18. It functions under the St. Louis County Charter that was adopted by the voters of that county in 1968.

The constitutional provisions under which the county was chartered that are essential to our consideration are Art. VI, §§ 18(a), 18(b) and 18(e). They read as follows:

Section 18(a). Any county having more than 85,000 inhabitants, according to the census of the United States, may frame and adopt and amend a charter for its own government as provided in this article, and upon such adoption shall be a body corporate and politic.

Section 18(b). The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of counties and county officers prescribed by the constitution and laws of the state.

Section 18(e). Laws shall be enacted providing for free and open elections in such counties, and laws may be enacted providing the number and salaries of the judicial officers therein as provided by this constitution and by law, but no law shall provide for any other office or employee of the county or fix the salary of any of its officers or employees.

Compatible with the provisions of the Constitution, Art. III, § 3.050(1) of the St. Louis County Charter provides:

Section 3.050. In addition to other powers and duties herein provided, the supervisor shall:

(1) Appoint, except as otherwise provided in this charter, and subject to confirmation as herein provided, all (a) heads of departments and remove the same at any time and (b) members of boards and commissions and delegate and assign to them duties and functions not inconsistent with this charter or ordinances, upon the occurrence of any vacancy in any appointive or elective office except councilman, designate an acting officer to

---

1. The official title of the chief executive officer of St. Louis County has been changed to County Executive. We will refer to the office as that of Supervisor, the title as of the time the action was filed.

serve until the vacancy is filled in the manner provided in this charter;

In 1965 the legislature enacted §§ 178.-900–178.970 RSMo. providing for the establishment of sheltered workshops by private not-for-profit corporations. Sheltered workshops have the salutary purpose of enabling handicapped persons, as defined by statute, to develop work skills in a controlled environment so as to progress toward normal living. In 1969 the legislature enacted §§ 205.968–205.972 RSMo. authorizing any county in the state to establish sheltered workshops to be operated for handicapped persons as defined in § 178.900.

In accordance with the power granted by the legislature the qualified voters of St. Louis County approved a proposition authorizing St. Louis County to establish a sheltered workshop and residence facility and authorizing the County to levy a tax of five cents per each one hundred dollars assessed valuation for the purpose of establishing and maintaining the sheltered workshop and residence.

The County implemented the authorization of the voters by passing Ordinance No. 9335 establishing "a sheltered workshop and residence facility in St. Louis County . .." It also enacted Ordinance No. 9220 establishing the tax rate.

The statute authorizing the establishment of sheltered workshops in counties makes provision for its governance by a board of directors of nine persons. As pertinent to our consideration § 205.970 provides:

When such a facility is established by the county court, the court shall appoint a board of directors consisting of nine members . . ..

The St. Louis County Supervisor, purporting to act under the provisions of Art. III, § 3.050(1) of the St. Louis County Charter, sent the names of nine persons that he had appointed to the St. Louis County Council for information, approval and confirmation. The St. Louis County Council took no action with respect to the Supervisor's appointments, rather, the Council purported to appoint the respondents to the Board of Directors relying upon the provisions of § 205.970 which provides that the county court appoint the Board of Directors. The St. Louis County Council is generally comparable to a county court or county governing body. St. Louis County Charter, Art. II, § 2.180(14).

The single issue is clearly drawn and simply stated: Does the County Supervisor or does the County Council have the power and duty to appoint the Board of Directors of the Sheltered Workshop and Residence Facility of St. Louis County?

The portion of § 205.970 that provides that the county court or county governing body appoint the Board of Directors is in conflict with Art. III, § 3.050(1) of the St. Louis County Charter which provides that the County Supervisor appoint all members of boards and commissions.

Article VI, § 18 of the Constitution of Missouri 1945, has placed "sweeping limitations upon the power of the General Assembly to enact laws relating to the government of a county [chartered under its provisions]." *Stemmler v. Einstein,* 297 S.W.2d 467, 472 (Mo.banc 1956).

Our course has been clearly set by *State ex inf. Dalton ex rel. Shepley v. Gamble,* 280 S.W.2d 656 (Mo.banc 1955). If the members of the Board of Directors of the St. Louis County Sheltered Workshop are county officers the legislature may not provide for such office or determine the manner of selection because Mo.Const. Art. VI, § 18(b) grants the power and imposes the duty upon the county to provide by charter for the "number, kinds, manner of selection, terms of office and salaries" of its county officers, and by § 18(c) the legislature is prohibited from providing for any office or employee of the county except for election and judicial offices and officers. *Gamble, supra.*

▮ The legislature in enacting § 205.968 et seq. did not establish or require the establishment of the sheltered workshop but granted permission to counties to establish their own sheltered workshop. The statute is an enabling act. A sheltered workshop established under authority of the act has

jurisdiction only as to the county in which it is established[2] and is not coextensive with the boundaries of the state. It is supported by a local tax levied upon the taxable property of the County. It is generally held that county officers are those whose functions are confined to their county. *State ex inf. McKittrick v. Williams,* 144 S.W.2d 98, 103 (Mo.banc 1940). We believe that it is clear that the members of the Board of Directors of the Sheltered Workshop are county officers within the meaning of Art. VI, § 18. *Gamble, supra.* See also *State ex rel. St. Louis County v. Edwards,* 589 S.W.2d 283 (Mo.banc 1979).

■ In establishing the St. Louis County Sheltered Workshop the County Council enacted Ordinance No. 9335 to implement the vote authorizing the workshop. It is the ordinance of the County Council, not the statute, that established the workshop. The ordinance incorporated the provisions of § 205.968, et seq. by necessary implication. As such the ordinance, so far as it provides for the appointment of the Board of Directors by the County Council, is in conflict with the provisions of Art. III § 3.050(1) which vests the power of appointment of members of all boards and commissions in the Supervisor. Any conflict between the charter and an ordinance must be resolved in favor of the charter.

With the authorization of the voters of the County and on recommendation of the Supervisor the County Council was empowered to establish the sheltered workshop and provide for a Board of Directors to manage and control the facility.[3] However, neither the statute nor the ordinance could provide for the appointment of the members of the board contrary to the provisions of Art. III, § 3.050(1) of the charter.

We believe that what we have said disposes of the issue raised by respondents in the first point of their brief. Their reliance on *Kansas City, Mo. v. J. I. Case Threshing Mach. Co.,* 337 Mo. 913, 87 S.W.2d 195, 202

(1935) is misplaced in that the constitutional provision respecting cities chartered under Art. IX, § 16 (1875) did not contain the limitations placed upon the legislature by Art. VI, § 18 of the Constitution.

■ The respondents and intervenors argue that Art. III, § 3.050(1) of the charter empowers the Supervisor to appoint only members of boards and commissions created and provided for in the county charter and that the Council is empowered to make appointment of all other officers, boards and commissions that are created thereafter in accordance with Art. III §§ 2.180(14) and 2.190(3) of the St. Louis County Charter. These sections read as follows:

Section 2.180. Pursuant to and in conformity with the constitution of Missouri and without limiting the generality of the powers vested in the council by this charter, the council shall have, by ordinance, the power to:

.　　.　　.　　.　　.

(14) Exercise all powers and duties now or hereafter conferred upon counties, county courts, county governing bodies and county officers by the constitution, by law and by this charter and determine and make provision for any matter of county government not otherwise provided herein;

.　　.　　.　　.　　.

Section 2.190. 1. In addition to all other powers and duties vested in or required of the council under the provisions of this charter, the council shall have power, by order or resolution, to do the following:

.　　.　　.　　.　　.

(3) Exercise and perform any and all other powers of a non-legislative nature which it may possess and any and all other duties which it may need to or be required to perform by the constitution, laws and this charter.

---

**2.** Section 205.968 provides that "the facility may operate [in] one or more locations in the County." See also OP Atty. Gen. No. 21, Millan 2–22–71.

**3.** St. Louis County Charter, Art. VI, § 2.180(13).

Neither § 2.180 nor 2.190 makes any reference to the power to appoint officers, boards or commissions. Section 2.180 is specifically limited to powers "not otherwise provided" by the charter. Section 3.050(1) bespeaks the general policy of the voters of St. Louis County to place the appointing power in the Supervisor. Even in the case of vacancy in any appointive or elective office except councilman, he is empowered to designate an acting officer until the vacancy is filled as provided by the charter. Its terms are broad and all encompassing.

By this charter provision he is to appoint "all" heads of departments, members of boards and commissions "except as otherwise provided in this charter." The exception does not apply to officers, boards or commissions created by statute or by ordinance. The charter contemplates the creation of other offices by the Council upon the initiative of the Supervisor but does not grant the Council the power to determine the method of appointment. St. Louis County Charter, Art. II, § 2.180(13).

Respondents, arguing that the Supervisor's appointing power is confined to those officers, boards and commissions provided for in the charter, direct us to the provision of Art. III, § 3.050(1) which grants to the Supervisor the power to "delegate and assign to [members of boards and commissions] duties and functions not inconsistent with this charter or ordinance . . .." They contend that if the Supervisor had the power to make the appointment in this case, under this provision he could "expand, change or limit the provisions of §§ 205.968 to 205.972 RSMo 1978." They also argue, "[m]oreover, the Relators' rationale would further allow the supervisor to assign additional duties to the Board of Directors which could effectively reduce their administrative control and management of the Sheltered Workshop and Residence Facility of St. Louis County, contrary to the clear mandate of § 205.970 RSMo 1978. It is also significant that such delegation of authority cannot be inconsistent with 'this charter or ordinances.' There is no requirement of consistency with state statutes which would

seemingly be included if the scope of authority of the supervisor under Section 3.050(1) extended beyond the charter and ordinances." Respondents overlook the fact that the powers and duties of the Board of Directors are established by Ordinance No. 9335 of St. Louis County which are those duties that are set out in the enabling statutes. The Supervisor may not expand, *change or limit* those duties of the members of the Board of Directors to the extent that they would be inconsistent with Ordinance No. 9335 because § 3.050(1) confines the Supervisor's powers to assign duties and functions to boards and commissions to those "not inconsistent with [the] charter or ordinances . . .." We find that § 3.050(1) of the charter clearly places the appointing power in the office of Supervisor and any exceptions must be delineated by the charter.

The appointment of the members of the Board of Directors under the St. Louis County Charter in compliance with the Constitution of Missouri is within the province of the Supervisor and not the County Council. The respondents, as appointees of the County Council, are hereby ousted from usurping, intruding into and unlawfully holding and exercising the privilege, right and duty of the Board of Directors of the Sheltered Workshop and Residence Facility of St. Louis County. Intervenors are ordered to refrain from exercising the power of appointment that is vested in the Supervisor in this matter.

CRIST and PUDLOWSKI, JJ., concur.